```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JASON HOFELICH,

                    Plaintiff,                07 Civ. 8059(PKC)(DFE)

    -against-

                                     MEMORANDUM
                                     AND ORDER
SUPERINTENDENT R. ERCOLE, et al.,

                    Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff Jason Hofelich, proceeding pro se, brings this action under 42 U.S.C. § 1983. He alleges that, on March 29, 2006, he was admitted to the Special Housing Unit ("SHU") at the Green Haven Correctional Facility. In the process, he "lost" a "state 'chicken coat'" and 10 bags of property. He describes the property as "lost/stolen". After 8 ½ months, he was moved from the SHU. He later received a replacement coat but in a different size.

        According to his complaint, plaintiff was summoned to Superintendent Ercole's office on March 30, 2007 and was asked about where he obtained money to pay for certified mailings and other matters. He was told that $24.40 would be deducted from his inmate account and that amount was later deducted from his account. He has describes as "extortion" the deduction of the money from his account or the request that he agree to the deduction.

        Plaintiff filed a grievance with respect to the matter. It was denied by the Inmate Grievance Review Committee. He appealed to Superintendent Ercole who also denied the grievance writing that "upon investigation, the grievant filed two prior grievances requesting a winter coat. . . . The grievant was charged $24.40 restitution for his lost coat and provided with a new one in accordance wit[h] Directive 3081." Plaintiff further appealed the denial of the grievance

and, on July 11, 2007, the Central Office Review Committee sustained plaintiff's appeal in part and directed as follows: "appropriate administrative action is being taken to credit the grievant's account for the coat restitution he did not authorize." There is no allegation by plaintiff that the ordered credit to his account was not made.[1]

Defendants have moved to dismiss the complaint for failure to state a claim upon which relief may be granted. Rule 12(b)(6), Fed. R. Civ. P. Plaintiff has been give a full and fair opportunity to respond to the motion which was filed on February 1, 2008. By Order filed April 8, 2008, Magistrate Judge Eaton ordered that plaintiff either explain why the dismissal motion ought not be granted or indicate his consent to the dismissal; at the hearing leading to the Order, plaintiff acknowledged receipt of the motion. Plainitff has neither responded to the motion nor expressly consented to dismissal. The motion to dismiss is considered on its merits and is granted.

I.

Rule 8(a) (2), Fed.R.Civ.P., requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'." Bell Atl. Corp. v. Twombly, ___U.S___, 127 S.Ct. 1955, 1964 (2007) (internal quotations and citation omitted). When a defendant tests the sufficiency of a complaint by a motion under Rule 12(b)(6), "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' " ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007) (quoting Twombly, 127 S.Ct. at 1965). The complaint is measured against a "flexible plausibility standard," which

---

[1] Although I do not consider it on this motion to dismiss, plaintiff has annexed one page of his inmate statement of account to his complaint showing the deduction; the moving defendants have come forward with a page of the same account for a later period showing the reimbursement.

obligates the "pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). This "does not require heightened fact pleading of specifics," In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir.2007); see Erickson v. Pardus, ___U.S.___, 127 S.Ct. 2197, 2200 (2007); however, it does "require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible'." Elevator Antitrust Litig., 502 F.3d at 50 (quoting Twombly, 127 S.Ct. at 1974) (alteration in Elevator Antitrust Litig.).

   On a motion to dismiss, a court must accept the allegations of the complaint as true and draw all reasonable inferences in the non-movant's favor. See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 71 (2d Cir.1995) (per curiam). The Court is limited to consideration of the facts as stated in the complaint, any documents which are attached to the complaint, and any documents which are incorporated by reference into the complaint. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir.1996). The Court may consider documents annexed to the complaint or incorporated by reference into the complaint without converting the motion into a motion for summary judgment. Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d at 72 (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991)). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.2002) (internal quotation marks and citations omitted); see also Levy v. Southbrook Int'l Investments, Ltd., 263 F.3d 10, 13 n. 3 (2d. Cir.2001). The fact that plaintiff filed grievances is alleged in the complaint (Complaint at I). The text of the grievances and the rulings thereon are integral to the com-

plaint and may be considered on this motion without converting the motion into a motion for summary judgment.

II.

The availability of meaningful post-deprivation remedies for the taking of property generally precludes the availability of relief under section 1983. Hudson v. Palmer, 468 U.S. 517, 533 (1984)("[W]e hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."), Here, the alleged actions of the defendants were "random and unauthorized" and not pursuant to a policy; thus, they do not fall within a recognized exception to Hudson. See Alexandre v. Cortes, 140 F.3d 406, 411 (2d Cir. 1998).

New York allows a plaintiff to bring a claim against the state in the New York Court of Claims. N.Y. Corrections L. § 24 ("Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the [Department of Correctional Services] shall be brought and maintained in the court of claims as a claim against the state.") See Baker v. Coughlin, 77 F. 3d 12, 15 (2d Cir. 1996). In addition, the grievance mechanism is capable of affording a full post-deprivation remedy to plaintiff and, indeed, it granted a full remedy to him.

The allegation of emotional injury from the incident does not alter the result. See Richardson v. Castro, 1998 WL 205414, *5 (E.D.N.Y. Apr. 24, 1998) ("verbal threats or abuse are insufficient to state a constitutional violation pursuant to 42 U.S.C. § 1983. Moreover, verbal threats do not violate the constitution 'unless accompanied by physical force or

the present ability to effectuate the threat' "). Plaintiff has failed to allege any plausible claim that he was subjected to a substantial risk of serious harm. See Green v. City of New York Dept. of Corrections, 2008 WL 2485402 (S.D.N.Y. June 19, 2008).

### III.

The motion to dismiss is granted. The Clerk shall enter judgment for the defendants.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 17, 2008